(No. 4621—)

ARMSTRONG CORK COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1956.*

ARTHUR H. RENIER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant's amended complaint is predicated upon contract No. 67557 entered into with the State of Illinois on August 12, 1952 in an amount of $8,650.00 for labor and materials furnished the Illinois State Penitentiary, Menard Branch, Menard, Illinois. A copy of the contract is attached to the complaint, marked exhibit No. 1, and made a part thereof.

No answer was filed by respondent, so a general traverse will be considered, in accordance with Rule 11 of this Court. Abstracts, briefs, and arguments were waived, and no testimony was offered by respondent at the time of the trial.

In its complaint, claimant also sought an award for damages, interest and attorneys' fees, in addition to the balance due under the contract. However, at the time of the trial, claimant waived any right to such damages, interest and attorneys' fees.

At the hearing, a stipulation was entered into by the respective parties, through their attorneys, Mr. Renier representing claimant, and Latham Castle, Attorney General of the State of Illinois, by Bernard Genis, Assistant Attorney General, for respondent.

The stipulation follows the allegations and the exhibits attached thereto, and is substantially as follows: The 67th General Assembly of the State of Illinois adopted Senate Bill No. 771, authorizing the making of certain repairs and replacements of equipment at the Illinois State Penitentiary, Menard, Illinois, and appropriated funds for said repairs.

On August 12, 1952, a valid contract, identified as No. 67557, was entered into by claimant and respondent, which was duly approved by the Governor of the State of Illinois. The work performed by claimant in connection with the contract was completed in accordance with the contract, plans and specifications, and was accepted by the Division of Architecture and Engineering. The Division of Architecture and Engineering recommended payment to the Department of Public Safety, as indicated in claimant's exhibit No. 2, a letter, dated February 10, 1954, written by Mr. Louis H. Gerding, Supervising Architect for the Division of Architecture and Engineering, acknowledging the completion of said project.

The contract price under the terms of the contract was the sum of $8,650.00. No part of said contract amount

has been paid by respondent, and the entire sum of $8,650.00 remains unpaid.

The records of the Auditor of Public Accounts and of the Department of Finance, Central Accounting Division, of the State of Illinois, show the following: The contract for the amount above stated; the date contract was encumbered, i.e., August 31, 1952; the unencumbered balance of said appropriation in the amount of $141,-310.40; the unexpended balance of said appropriation (lapsed) as of September 30, 1953 in the amount of $49,586.46. There were sufficient funds in the appropriation to pay the amount due to claimant under said contract at the time the contract was made, and there were also sufficient funds in said appropriation available on September 30, 1953 to pay the amount due on said contract. The appropriation lapsed on September 30, 1953, at which time there was an unexpended balance of $49,586.46. The amount due claimant under the contract was not paid, because said appropriation had lapsed before properly certified vouchers were forwarded to the Auditor of Public Accounts for payment.

The only testimony offered by claimant was that of Mr. William B. Nekirk, an employee of claimant, whose testimony substantiated the facts contained in the stipulation and exhibits admitted in evidence.

No evidence was offered by respondent.

There seems to be no dispute as to the facts set forth in the complaint, and the reasons why the payments were not made in accordance with the contract.

This Court had occasion to pass upon a similar question in the case of *White Electric Company, A Corporation,* vs. *State of Illinois,* case No. 4663, opinion filed on November 8, 1955, wherein a motion was filed by

respondent to strike the complaint, because the appropriation therefor had lapsed before final payment. However, it was clear that the particular appropriation was encumbered with the amount due under the contract, and that the funds were available at the time the contract was entered into. This Court held, in overruling respondent's motion, that, if the funds were available at the time the contract was entered into, claimant would be entitled to the balance due under said contract for the work and material, which had been furnished in accordance therewith. We, also, in that case, cited the case of *Fergus* vs. *Brady*, 277 Ill. 272, wherein Secs. 18 and 19 of the Constitution of the State of Illinois are discussed.

An award is, therefore, made to claimant for the full amount of the contract price of $8,650.00.